KAREN P. HEWITT
United States Attorney
REES F. MORGAN
Assistant United States Attorney
California Bar No. 229899
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7847

Attorneys for United States of America




UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTONIO REYES,<br>Defendant. | No. 09-CR-2487-MMA<br>APPLICATION FOR SUBSCRIBER AND OTHER INFORMATION |

The United States of America, by its attorneys, Karen P. Hewitt, United States Attorney, and Rees F. Morgan, Assistant U.S. Attorney, hereby applies to the Court for an Order directing Nextel, an electronic communication service provider which, among other things, provides cellular communication services to its subscribers, to provide to Special Agents of Immigration and Customs Enforcement (ICE) subscriber and other historical information regarding a Nextel cellular telephone, bearing phone number 424-704-6015, push-to-talk number124*675*959, and the IP number 10.246.254.148 ("Subject Telephone"), and believed to be subscribed to and used by Antonio Reyes.

In support of this Application, the applicant states as follows:

1. I am an "attorney for the government" as defined by Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure and authorized to apply for the instant order.

2. ICE is conducting a criminal investigation related to the above-referenced criminal case. The defendant in that criminal case is the user and/or subscriber of Subject Telephone and is accused of violating Title 21, United States Code, Sections 952 and 960. This application is to obtain subscriber information, cell site and other information from Nextel, an electronic communication service provider within the meaning of Title 18, United States Code, Section 2510(15) which provides cellular telephone services regarding Subject Telephone (hereinafter referred to as "the service provider").

3. Inasmuch as the requested Order will require the service provider to disclose subscriber and other information about a subscriber, including cell site location information from its historical databases, the applicant offers the following specific and articulable facts showing that there are reasonable grounds to believe that the requested information is relevant and material to the ongoing criminal investigation, as required at Title 18, United States Code, Section 2703(c) and (d). I have been informed by Special Agents of ICE and believe that:

a. On June 6, 2009, Defendant was arrested at the Calexico, California West Port of Entry. At the time, he was the driver, sole occupant and claimed owner of a vehicle that contained 87.1 kilograms of marijuana.

b. At the time of his arrest, Defendant had on his person one cellular telephone. Defendant claimed ownership of the truck and that he was employed. He stated he was on his way to Los Angeles, where he lived. In his post-Miranda statement, Defendant changed his story. He explained that he actually didn't own the vehicle and that he was unemployed. Furthermore, Defendant claimed that he had traveled to Mexico from Los Angeles for the weekend with a friend whose family was involved in drug smuggling. Defendant stated that his friend (also from Los Angeles) paid for the trip, as he had paid for prior trips for Defendant. Defendant claimed that he had spent time both near the border in Mexicali and far from the border in San Felipe during this trip. Defendant

presumably possessed the cellular telephone seized by ICE Agents throughout his travel from Los Angeles to Mexico.

c. Based on the above-described arrest and statement, agents knowledgeable with this case and with drug trafficking in general believe that Defendant spoke with others responsible for coordinating the transportation of drugs into the United States over Subject Telephone. Agents also believe information from this application may serve to support or undermine Defendant's explanation for his trip to Mexico. Agents noted that it is common for a drug trafficker to use phones to coordinate the importation of drugs into the United States and that it is common for a drug trafficker to use a cellular telephone during the commission of an actual drug smuggling event.

4. Accordingly, the applicant requests that the Court issue an Order:

a. Directing the service provider to disclose published and non-published subscriber information for Subject Telephone to include: subscriber name; address; local and long distance connection records; length of service (including start date) and types of service utilized; telephone or instrument number or other subscriber number or identity; and means and sources of payment for such service (including any credit card or bank account number);

b. Directing the service provider to disclose records of cell site activations by Subject Telephone during the period of **May 20, 2009** to and including **June 6, 2009**.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

DATED: August 20, 2009.

REES F. MORGAN
Assistant U. S. Attorney